IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DR. JENNIE R. PATRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. |
| RAYTHEON COMPANY EMPLOYEE | ) CV-01-B-0506-S |
| GROUP LONG TERM DISABILITY | ) |
| PLAN, WASHINGTON GROUP | ) |
| INTERNATIONAL, INC., AND | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on defendants' Motion to Dismiss Plaintiff's State Law Claims and Claims for Compensatory and Punitive Damages and to Strike Plaintiff's Jury Demand filed on June 25, 2001, and defendants' Renewed Motion to Dismiss Plaintiff's State Law Claims and to Strike Plaintiff's Jury Demand and Demand for Compensatory, Punitive and Other Extra-Contractual Damages filed February 25, 2002. Upon consideration of the record, the argument of counsel, and the relevant law, the court is of the opinion that defendants' motions are due to be granted, which will be done by separate order.

### I. FACTUAL SUMMARY

Plaintiff claims that defendants wrongly denied her claim for disability benefits under the Raytheon Company Employee Group Long Term Disability Plan (the "Plan"). Her complaint contains state law claims including breach of contract, bad faith, extraordinary bad faith, and negligence. Plaintiff also alleges breach of fiduciary duty, but the common law or statutory basis for



her claim is unclear. Plaintiff seeks damages, including compensatory, extra-contractual and punitive damages under Alabama law and demands a trial by jury.[1]

On June 25, 2001, defendants moved this court to dismiss plaintiff's state law claims as preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"), and to strike plaintiff's jury demand and demands for compensatory, punitive and other extra-contractual damages as not available under ERISA.[2] At a hearing on July 23, 2001, plaintiff's counsel conceded that all state law claims except plaintiff's bad faith claim were preempted by ERISA. The court agreed to await a ruling by the Eleventh Circuit in *Gilbert v. Alta Health & Life Ins. Co.*, 276 F.3d 1292 (11th Cir. 2001) before ruling on defendant's Motion to Dismiss. *Gilbert* was decided by the Eleventh Circuit on December 27, 2001. In *Gilbert* the Eleventh Circuit reaffirmed earlier decisions holding that Alabama's tort of bad faith refusal to pay is not saved from preemption by ERISA's saving clause.

At a hearing on January 28, 2002, the court informed counsel that defendants' Motion to Dismiss Plaintiff's State Law Claims and Claims for Compensatory and Punitive Damages and to Strike Plaintiff's Jury Demand would be granted. Plaintiff was directed to replead her claims under ERISA by February 15, 2002, if she so desired. On February 15, 2002, plaintiff filed an Amended Complaint containing a claim for benefits under ERISA. In response, on February 25, 2002,

---

[1]Plaintiff originally filed this lawsuit in federal court on October 12, 2000, on the basis of federal jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001-1461 ("ERISA"). Plaintiff dismissed the federal lawsuit prior to service and refiled in state court, this time alleging state law causes of action and again referencing ERISA. Plaintiff later amended her state law complaint and moved to strike references to ERISA. Defendants removed the case to this court.

[2]Defendant Washington Group International, Inc. has filed for bankruptcy and the claims against it are stayed. (*See* Order entered July 24, 2001.)

defendants renewed their motion to dismiss state law claims[3] and to strike the demands for a jury trial and for punitive, compensatory and other extra-contractual damages.

## II. DISCUSSION

Plaintiff's former employer, Raytheon Engineers and Constructors, Inc., now known as Washington Group International, Inc. ("Washington Group"), is an "employer" and maintains an "employee benefit plan," as those terms are defined by ERISA, 29 U.S.C. §§ 1002-03 (1990). *See Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982), and *Williams v. Wright*, 927 F.2d 1540 (11th Cir. 1991). An employee benefit plan exists because a reasonable person can ascertain the presence of the intended benefits, the beneficiaries, the source of financing and the procedures for receiving benefits. *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982). Documents describing part of the Plan, as it relates to disability benefits, are attached as Exhibit A to the Affidavit of Francis R. Anderson filed with the court. Plaintiff was a participant in the Plan and is a potential beneficiary of Plan benefits through her former employment with Washington Group. In this lawsuit, plaintiff seeks damages arising from the denial of her claim for disability benefits under the Plan.

Although plaintiff's Complaint seeks damages for the denial of her claim for benefits under the Plan, she asserts her claim for damages in the form of state law claims for breach of contract, bad faith, "extraordinary bad faith," and negligence. She also claims "breach of fiduciary duty" as a result of the denial of her claim for benefits, but does not indicate the statutory or common law basis for her breach of fiduciary duty claim. Because the Plan is an employee benefit plan covered by

---

[3]In a letter to the court dated February 28, 2002, plaintiff's counsel states that plaintiff was "not asserting any state law claims in the Amended Complaint."

ERISA, all state laws relating to this Plan are preempted by ERISA. ERISA's express preemption clause states that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). If a state law conflicts with the provisions of ERISA or its objectives or "relates to" ERISA in any way, it is preempted. Here, plaintiff's claims directly relate to the ERISA Plan at issue because plaintiff claims that she was denied benefits to which she was entitled under the ERISA Plan. The plaintiff's state law claims are thus preempted by ERISA and due to be dismissed. *See, e.g.; Gilbert v. Alta Health & Life Ins. Company*, 276 F.3d 1292 (11th Cir. 2001) (bad faith claims preempted); *Butero v. Royal Maccabees Life Insurance Company*, 174 F.3d 1207 (11th Cir. 1999) (breach of contract, bad faith, and fraud claims preempted and dismissed); *Randol v. Mid-West Nat. Life Ins. Co.*, 987 F.2d 1547 (11th Cir.) (breach of contract, fraud, and bad faith claims preempted), *cert. denied*, 114 S. Ct. 180 (1993).

Plaintiff's claims for punitive, compensatory and other extra-contractual damages are unavailable as remedies. Under ERISA, a plan beneficiary such as plaintiff can sue to enforce rights under an ERISA plan and for equitable relief, but "not for punitive or compensatory damages." *Godfrey v. Bell South Telecommunications, Inc.*, 89 F.3d 755, 761 (11th Cir. 1996); *accord Bishop v. Osborn Transportation, Inc.*, 838 F.2d 1173 (11th Cir.), *cert. denied*, 488 U.S. 832 (1988).

This court will also strike plaintiff's jury demand because a trial by jury is not available under ERISA. *Blake v. Union Mutual Stock Life Ins. Co. of America*, 906 F.2d 1525 (11th Cir. 1990); *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1566-67 (11th Cir. 1987).

## III. CONCLUSION

Based on the foregoing, this court is of the opinion that defendants' motions are due to be granted. Defendants' motions will be granted by separate Order entered contemporaneously with this Memorandum Opinion.

**DONE** this 29th day of March, 2002.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge